JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRDOCTOR, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN DAYOU INNOVATION TECHNOLOGY CO., LTD., SHENZHEN JINGCHUANG TRADING CO., LTD., BINGQUAN HE dba SHENZHENSHIFAKETIKEJIYOUXIANGONGSI, and DOES 1-10<br><br>Defendants. | CASE NO. CV 22-4000-GW-ASx<br><br>**STIPULATED PERMANENT INJUNCTION AND ORDER OF DISMISSAL** |

Plaintiff AirDoctor, LLC (hereafter "Plaintiff" or "AirDoctor") and Defendant Bingquan He d/b/a shenzhenshifaketikejiyouxiangongsi, also known as, Shenzhen Faketi Technology Co., LTD d/b/a Fizernee (collectively hereafter "Defendant(s)") have entered into a confidential settlement agreement (the "Settlement Agreement") to resolve this matter. As part of the Settlement Agreement, AirDoctor and Defendants agree to the entry of this Permanent Injunction against Defendants (the "Stipulated Injunction"). The Court has reviewed the stipulation of the parties, and good cause appearing,

NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED as follows:

1. This case is a civil action arising under the Lanham Act, 15 U.S.C. § 1125.

2. This Court has jurisdiction over these claims and parties under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2).

4. AirDoctor is a Delaware limited liability company with its principal place of business in Sherman Oaks, California.

5. Defendants are foreign individuals/entities located in China.

6. AirDoctor is the owner of federal trademark registrations covering its AIRDOCTOR[1] and ULTRAHEPA trademarks. Plaintiff AirDoctor owns U.S. Trademark Reg. No. 5177385 for AIRDOCTOR in Class 11 ("AIRDOCTOR Registration" and "AIRDOCTOR Mark", respectively) and U.S. Trademark Reg. No. 6300545 for ULTRAHEPA in Class 11 ("ULTRAHEPA Registration" and "ULTRAHEPA Mark", respectively).

7. Defendants (including, without limitation, Shenzhen Faketi Technology Co. LTD), operate the Amazon.com Storefront called "Fizerneer".

8. Defendants marketed and sold replacement air filters for Plaintiff's AirDoctor Air Purifiers in the United States, including the AirDoctor 3000 (the "Products") under the "Fizerneer" brand with claims that the filters are "HEPA"-grade

---

[1] Unless otherwise noted, the Capitalized terms herein shall have the meaning assigned to them in the Complaint (Dkt. No. 1).

filters; "capture and remove 99.97% of particles as small as 0.3 microns such as dust, pollen and pet dander"; and are "compatible" with AirDoctor Air Purifiers, among other claims, described in detail in the Complaint (Dkt. 1 at ¶¶67-73).

9. AirDoctor's third-party laboratory testing of the Products showed that the Products do not meet the meet the minimum HEPA standard to filter 99.97% of particles as small as 0.3 microns when used in the AirDoctor Air Purifiers and fail to meet the performance and efficiency of genuine AirDoctor UltraHEPA filters.

10. AirDoctor alleged that the Products are not "compatible" or a "fit" AirDoctor Air Purifiers because the Products use frames made from paper and foam which do not form a proper seal in the AirDoctor Air Purifier unit and, thereby, allow unfiltered air to pass directly between the frame and filter materials which significantly reduces the performance of the filters and the AirDoctor Air Purifiers, and do not filter air in a "compatible"/equivalent manner to genuine AirDoctor UltraHEPA filters.

11. Defendants[2], including any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, parent corporations and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, are hereby PERMANENTLY RESTRAINED AND ENJOINED FROM:

    a. Manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling or otherwise possessing any Products or any items that are confusingly or substantially similar to the AirDoctor Air Purifiers, AirDoctor UltraHEPA Filters or otherwise infringe the AIRDOCTOR Mark or the ULTRAHEPA Mark;

---

[2] Including, without limitation, Shenzhen Faketi Technology Co., LTD. (aka shenzhenshifaketikejiyouxiangongsi).

      b. Manufacturing, distributing, selling or offering for sale any replacement filter[3], or any component part thereof, for any AirDoctor Air Purifier;

      c. Using the terms "AirDoctor", the AIRDOCTOR Mark, the ULTRAHEPA Mark, the AirDoctor model names or any confusingly similar terms or phrases (e.g. "Air Dr.", "Air Doctor", AD3000) to advertise, market, offer to sell, or sell the Products specifically, or replacement air filters, generally;

      d. Making any false statements or representations or engaging in any other activity that suggests that Defendant, its products, or its business is in any way affiliated with or approved, licensed, endorsed, or sponsored by AirDoctor (or any parent, subsidiary, or affiliate of AirDoctor);

      e. Not bid on or use "AirDoctor", the AIRDOCTOR Mark, the ULTRAHEPA Mark, the AirDoctor model names or any confusingly similar terms or phrases, in any ads for filter listings;

      f. Not bid on or use "AirDoctor", the AIRDOCTOR Mark, the ULTRAHEPA Mark, the AirDoctor model names or any confusingly similar terms or phrases, as SEO terms for search engine searches; and

      g. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred above in subparts 2(a) – (f), above.

    12. The Court will retain continuing jurisdiction to enforce the terms of this Stipulated Injunction and to address any other matters arising out of or regarding this Stipulated Permanent Injunction, including any allegations that the parties have failed to

---

[3] Including, without limitation, the following the Products and Amazon.com ASINs: B09KM7L68F, B09KMYC96Q, B09V5FGF6T, B09Y9GXWDX, B09Y9KK42D, B0B495HZKH, B0B495RZ56, B0B497HKJ1.

comply with their obligations as set forth in this Stipulated Injunction, and the parties agree to submit to the Court's jurisdiction for those purposes.

13. Should Defendants violate any term or condition of this Stipulated Inunction, AirDoctor, in its sole discretion, shall have the right to reopen this matter upon motion filed and heard on an expedited basis, including by *ex parte* application. Defendants further agree that in the event that Defendants breach any warranties, representations and/or obligations contained in the settlement agreement, such breach will result in substantial and irreparable harm to Plaintiff without adequate remedy at law, and Plaintiff will be entitled to a temporary restraining order and preliminary injunction, an asset freeze or constructive trust to prevent Defendants from commencing or continuing any action constituting such breach, without having to post a bond or other security and without having to prove the inadequacy of other available remedies. In addition, AirDoctor shall further be entitled to recover all attorneys' fees incurred (i) as a result of Defendants' violation of this Stipulated Injunction or the Settlement Agreement, and/or (ii) enforcing any term or condition of this Stipulated Injunction of the Settlement Agreement.

14. All rights and obligations contained in this Stipulated Injunction, including, but not limited to, the right to enforce it, shall be freely assignable to the fullest extent permitted by law and shall apply to the parties' successors and assigns, as well as their respective officers, directors, members, agents and/or representatives.

15. Subject to this foregoing Stipulated Injunction, Plaintiff's claims against Defendant Bingquan He d/b/a shenzhenshifaketikejiyouxiangongsi, also known as, Shenzhen Faketi Technology Co., LTD d/b/a Fizernee, are hereby dismissed with prejudice, except the Court retains jurisdiction to enforce this Stipulated Injunction. Each party bears its own fees and costs.

IT IS SO ORDERED.

DATED: December 20, 2022

By: _____
Hon. George H. Wu
United States District Judge